## NEW HAVEN COUNTY, AUGUST TERM, A. D. 1774.

### REDFIELD v. HILLHOUSE.

Money due on a note which is assigned, is the property of the assignee.

SCIRE FACIAS against him, as agent and factor to Isaac Colton, an absconding debtor.

The case was — Isaac Colton assigned a note he had against one Hull, to William Colton, with a power of attorney; William puts it into the hands of Mr. Hillhouse to collect, and he collected the money upon it; Redfield instituted an action against said Isaac as an absconding debtor, and served Mr. Hillhouse with a copy; he recovered a judgment and execution against Isaac and the execution was returned *non est inventus*, and thereupon he brings this *scire facias* against Mr. Hillhouse; and the defendant pleads that he never was agent, factor or attorney to said Isaac, etc.

The only question upon this issue, was — Whether the property of this money was in Isaac, the promisee, or in William, the assignee of the note?

The court decided the property to be in the assignee, and that said Hillhouse was not agent, factor or attorney to said Isaac.

In the case of Bildad Fowler v. John Harmon, tried at Hartford, March term, A. D. 1772, the plaintiff was assignee of a note payable in grain; the promisor tendered the grain at time and place specified in the note, as it was to be delivered at his own house; after the tender, it remained there some time, the plaintiff not being there to receive it; a creditor of the promisee, prayed out an attachment against him, and gave it to the defendant, who was a constable, and he attached the grain as the property of the promisee and took it away. The plaintiff when he came found his grain was gone, and who had got it, and he instituted an action of trover against the constable for the grain — the defendant plead not guilty; issue to the jury.

The only question in this case, was — To whom the grain belonged — whether to the promisee or the plaintiff, to whom the note was assigned.

Verdict and judgment was for the plaintiff to recover; for by the assignment of the note, the property of the grain upon the tender, vested in the assignee. See Rix v. Strong, *ante.*